IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES W. WALKER                                        PLAINTIFF

VERSUS                          CIVIL ACTION NO. 1:10cv170HSO-JMR

FEMA                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION

This matter comes before the Court upon the Report and Recommendation of Chief United States Magistrate Judge John M. Roper entered in this cause on February 7, 2011 [17-1].  On March 21, 2011, Plaintiff filed objections thereto.[1] After thoroughly reviewing the findings in the Report and Recommendation in addition to the positions of Plaintiff advanced in his Objection, the Court finds that the Report and Recommendation should be adopted in part as the finding of the Court, and modified in part, for the reasons that follow.

Title 28, United States Code, Section 1915(a)(1) provides in part that:

[a]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefore.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

"A grant of leave to proceed *in forma pauperis* is made by considering only a

_____

[1]On March 3, 2011, the Court received a Change of Address from Walker [18-1].  Subsequently, the Report and Recommendation was re-mailed to Walker at his current address.

-1-

petitioner's economic status." *Cay v. Estelle,* 789 F.2d 318, 322 (5th Cir. 1986), *overruled in part by Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993); *see also Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1993).  The district court has wide discretion in denying an application to proceed *in forma pauperis*.  However, in denying applications, a court must not act arbitrarily and it may not deny the application on erroneous grounds.  *Hogan v. Midland County Comm.'s* 680 F.2d 1101, 1103 (5th Cir. 1982).

In the application before the Court, Plaintiff has failed to fully complete the *in forma pauperis* application and has otherwise failed to present evidence tending to show the inability to pay the costs of proceeding with this action.  Judge Roper's recommendation included that Plaintiff's Motion for *in forma pauperis* status be denied.  The Court finds that this finding should be adopted as the finding of the Court.

In addition, Plaintiff was also granted twenty (20) days from the date of the Order, or until February 28, 2011, to tender the requisite filing fee to the Clerk of Court.  The same Order warned Plaintiff that failure to abide by and comply with the Court's directives could result in the dismissal of Plaintiff's Complaint without further notice.  Ct. R. 17-1 at p. 3.  While Plaintiff objects to the Court "dismissing" the above captioned cause and moves the Court to "reopen" the case, to date, Plaintiff has failed to comply with the Court's Order and pay the filing fee.   The Court finds that Plaintiff should be afforded one final opportunity to tender the requisite filing fee to the Clerk of Court.   Failure to abide by the terms of this Order may result in the Court

dismissing the above captioned cause *sua sponte* pursuant to FED. R. CIV. P. 41(b).[2]

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation of Chief Magistrate Judge John M. Roper entered on February 7, 2011 [17-1], should be and hereby is adopted in part as set forth above, and Plaintiff's request for *in forma pauperis* status hereby is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff is given fourteen [14] calendar days from the date of this Order, or until April 6, 2011, to pay the requisite filing fee to the Clerk of Court.   Failure to tender the requisite fee or otherwise abide by the terms of this Order may result in the Court dismissing the above captioned cause *sua sponte* pursuant to FED. R. CIV. P. 41(b), without further notice to Plaintiff.

**SO ORDERED AND ADJUDGED**, this the 23rd day of March, 2011.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[2]FED. R. CIV. P. 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of any action."  The Court may also "dismiss an action *sua sponte* under Rule 41(b) for failure to comply with a court order."  *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996)(*citing McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)).